Deadebick, J.;
delivered the opinion of the court.
Thomas McDermott, colored, had been a private in the United States army, and under the laws of Congress was entitled to a bounty of about $200. This he assigned to Cardin in December, 1867, and Cardin assigned it to Boyd October, 1868. By the Act of Congress such transfer and assignment of a claim upon the United States was declared null and void, unless made after the allowance of such claim in the presence of two attesting witnesses. In this ¶ case the claim was not allowed until after the assignment to Boyd, and he took nothing by the assignment made by Cardin to him.
McDermott drew the money himself, the disbursing officer refusing to pay it on his power of attorney or assignment. He left it in the hands of Johnson for safe keeping, and subsequently gave Cardin an order oh Johnson for it, and it was paid to him.
Boyd brought this action to recover back the money paid to Cardin for the claim. It is clear Boyd got no consideration for the money paid to Cardin. Cardin had no right, under the - assignment to him, to draw or receive, or transfer to another, any claim to the money due to McDermott, and Boyd might well maintain his action to recover back from Cardin money *179 paid to him under a mistaken belief by both, that Boyd was receiving and Cardin assigning a valuable consideration for the money paid. The suit here is not to enforce a contract which is malum in se, immoral, or against public policy, but was instituted to recover back money paid by Boyd to Cardin for an obligation on McDermott, which could not be enforced at law. We think the ruling of the Circuit Judge, that the plaintiff might abandon the void contract, or contract which could not be enforced, and sue for and recover the money, was correct.
Let the judgment be affirmed.